UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARVIN DAVOOD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-970 (CEJ) |
| ) | |
| PFIZER INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand this case to the Twenty-Second Judicial Circuit Court of Missouri. The issues are fully briefed.

I. **Background**

On February 27, 2014, thirteen plaintiffs filed this products liability action in the Circuit Court for the Twenty-Second Judicial Circuit (City of St. Louis). Plaintiffs seek monetary damages for allegedly developing diabetes as the result of their use of the prescription drug Lipitor (also known as atorvastatin calcium), which is manufactured, marketed, distributed, and sold by defendant Pfizer Inc. Plaintiffs assert claims based on product liability/failure to warn, negligence, breach of implied warranty, fraud, constructive fraud, and unjust enrichment.

On March 23, 2014, defendant removed the action, claiming jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant is a citizen of Delaware and New York. Plaintiffs are citizens of Missouri, Oklahoma, Pennsylvania, Georgia, California, Florida, West Virginia, Illinois, and New York. In support of its removal petition, defendant asserts that the Court should disregard the New York citizenship of plaintiff Cheryl Nickerson, alleging that she was fraudulently misjoined. Plaintiffs seek remand, arguing that complete diversity is absent.

## II. Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

## III. Discussion

The Eighth Circuit has not yet determined whether removal based on diversity of citizenship can be thwarted by fraudulent misjoinder. In Prempro, the court discussed the doctrine of fraudulent misjoinder:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity

jurisdiction. Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

Prempro, 591 F.3d at 620 (footnotes omitted).

In Prempro, the plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. The cases were removed to the federal district court based on the defendants' assertion of diversity jurisdiction. The defendants maintained that the plaintiffs' claims were fraudulently misjoined, because they did not arise out of the same transaction or occurrence as required by Fed.R.Civ.P. 20(a).

The Prempro court declined to either adopt or reject the fraudulent misjoinder doctrine, because it found that, even if the doctrine were applicable, the "plaintiffs alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Id. at 622. In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and the HRT users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, *i.e.*, the existence of a link between the HRT drugs and plaintiffs' injuries. Id. at 623. The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." Id. (distinguishing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1966), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham'...").

In the instant case, the defendant has not demonstrated that the joinder of a New York citizen with the other plaintiffs in this action "borders on a 'sham.'" Prempro,

591 F.3d at 624. As this Court has found in several recent cases, the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect plaintiffs' claims. See, e.g., Jennings v. Pfizer, Inc., No. 4:14-CV-276 (HEA) (Lipitor) (E.D. Mo. May 8, 2014); Lovett v. Pfizer, Inc., No. 4:14-CV-458 (CEJ) (Lipitor) (E.D. Mo. Mar. 26, 2014); Jackson v. Pfizer Inc., No. 4:13-CV-1915 (RWS) (Oct. 15, 2013) (Lipitor); T.F. v. Pfizer, Inc., No. 4:12-CV-1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012) (Zoloft®); S.L. v. Pfizer, Inc., No. 4:12-CV-420 (CEJ) (E.D. Mo. Apr. 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, No. 4:10-CV-971 (CDP), 2010 WL 2680308, at *2 (E.D. Mo. July 1, 2010) (Avandia®); Valle v. Ethicon, Inc., No. 4:13-CV-798 (RWS) (E.D. Mo. Apr. 29, 2013) (transvaginal mesh products). Similarly, plaintiffs in this case have filed suit against defendant for injuries caused by the same product arising out of the same development, distribution, marketing, and sales practices for that product, and common issues of law and fact are likely to arise in litigation.

Defendant argues that each plaintiff's claim will depend upon unique factual determinations, i.e., different medical histories, dosages, doctors, environmental factors, and genetic risks; that numerous different states' laws will apply to plaintiffs' claims; and that plaintiffs' joinder was specifically calculated to defeat federal jurisdiction. Defendant also requests that the Court disregard the Eighth Circuit's decision in Prempro because "subsequent authorities" in other jurisdictions "raise serious doubt as to whether the Eighth Circuit would adhere to [Prempro] if it reconsidered the question today." [Doc. #13, at p. 11]. The Court finds these arguments unpersuasive and declines to disregard Eighth Circuit precedent. See Spears v. Fresenius Med. Care North America, Inc., 4:13-CV-855-CEJ (E.D. Mo. June

12, 2013) (this Court rejected the same arguments); Lovett v. Pfizer, Inc., No. 4:14-CV-458 (CEJ) (E.D. Mo. Mar. 26, 2014).

Plaintiffs were not egregiously joined in this suit, and, as such, there is no complete diversity of citizenship as required by 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand this action [Doc. #7] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2014.